T.C. Summary Opinion 2011-27

UNITED STATES TAX COURT

MARGARET AND JOHN NORWOOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19726-09S.                Filed March 9, 2011.

Margaret and John Norwood, pro sese.

<u>David M. McCallum</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue.

Respondent determined a $6,832 deficiency in petitioners' 2007 Federal income tax and an accuracy-related penalty of $1,366 under section 6662(a). The issues for decision are: Whether petitioner John Norwood failed to report nonemployee compensation of $19,776 on petitioners' 2007 Federal income tax return; whether petitioners are liable for self-employment tax on that amount;[2] and whether petitioners are liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in North Carolina. Petitioners timely filed their 2007 Federal income tax return.

Mr. Norwood worked for Philip Pore and his construction business, P & P Construction, Inc. of Snow Camp (P & P), during the 2007 taxable year and received nonemployee compensation in the form of cash. Mr. Norwood was paid $14 to $18 per hour.

Mr. Pore and his wife, Janet Pore, maintained payroll records for the construction business. The records indicate that Mr. Norwood worked full time for Mr. Pore from February 2007

---

[2]If respondent's determinations are upheld there will be a corresponding deduction for one-half of the self-employment tax, an increase in the child tax credit, a reduction in the earned income credit, and a reduction in the additional child tax credit, all of which are purely computational.

until the end of that year.  On the basis of these records, Mr. Pore and P & P, as third-party payors, reported to the Internal Revenue Service (IRS) on Forms 1099-MISC, Miscellaneous Income, that Mr. Norwood received nonemployee compensation of $19,776 during 2007.

Petitioners failed to report this compensation on their return.  Petitioners acknowledged that Mr. Norwood worked for Mr. Pore during 2007.  Petitioners kept no records regarding Mr. Norwood's employment and claim that they never received a Form 1099-MISC from either Mr. Pore or P & P for 2007.

Section 61(a) generally includes in gross income "all income from whatever source derived" unless excluded by a specific provision of the Code.  Compensation for services is specifically included in the definition of gross income.  Sec. 61(a)(1).

Petitioners presented no credible evidence that Mr. Norwood did not receive the amounts of income respondent determined.  Therefore, we sustain respondent's determination that Mr. Norwood received $19,776 in nonemployee compensation for 2007.

Section 1401 imposes self-employment tax on self-employment income.  Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed * * * which are attributable to such trade or business".  Mr. Norwood provided his services to Mr. Pore and

P & P, and the income he received was classified as nonemployee compensation on the Forms 1099-MISC filed with the IRS.

Petitioners presented no evidence that respondent's determination is erroneous.  Accordingly, we sustain respondent's determination regarding petitioners' liability for self-employment tax for 2007.

Section 6662(a) imposes a penalty equal to 20 percent of any portion of an underpayment of tax that is attributable to, among other things, a substantial understatement of income tax.  Sec. 6662(b)(2).  Section 6662(d)(1)(A) provides that a substantial understatement of income tax exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $5,000.

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed if it is shown that the taxpayer's underpayment was attributable to reasonable cause and that his action was in good faith.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners underreported their tax liability by $6,832, which exceeds the amount provided under section 6662(d)(1)(A). Petitioners have presented no evidence that indicates they acted in good faith or had reasonable cause in not reporting Mr.

Norwood's nonemployee compensation on their return.  Accordingly, we hold that petitioners are liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.